**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **JOHN C. ADAMS JR.** | | Case No. |
| 3211 Astor Ave | * | |
| Toledo, Ohio 43614 | | Judge |
| | * | |
| **Plaintiff** | | |
| | * | |
| v. | | |
| | * | |
| **EAGLEVIEW LOGISTICS CORP.** | | |
| 6935 McNerney Road | * | **COMPLAINT; JURY DEMAND** |
| Northwood, Ohio 43619 | | **ENDORSED HEREON** |
| | * | |
| and | | |
| | * | |
| **DIAMOND EXPEDITED SERVICES, CORP.** | * | |
| 6935 McNerney Road | | |
| Northwood, Ohio 43619 | * | |
| | | Francis J. Landry (0006072) |
| and | * | **WASSERMAN, BRYAN, LANDRY & HONOLD, LLP** |
| **SAPPHIRE EXPEDITED SERVICES, CORP.** | * | 1090 W. South Boundary St. Suite 500 |
| 6935 McNerney Road | * | Perrysburg, Ohio 43551 |
| Northwood, Ohio 43619 | | Telephone: (419) 243-1239 |
| | * | Facsimile: (419) 243-2719 |
| and | | Emails: Flandry308@aol.com |
| | * | Attorney for Plaintiff |
| **OBSIDIAN EXPEDITED SERVICES, LTD.** | * | |
| 6935 McNerney Road | | |

1

   Northwood, Ohio  43619       *
          **Defendants**
                    *

                    *

                    *

                    *

## JURISDICTION

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 1337, 1343, 2201 and 2202.  Plaintiff brings an action under the Fair Labor Standards Act, 29 USC Sections 201 et seq.  This Court's supplemental jurisdiction is also invoked pursuant to 28 U.S.C. Section 1367 over State claims for breach of contract, wrongful discharge, and workers compensation retaliation.

## PARTIES

2. Plaintiff, John C. Adams Jr, is a resident of the City of Toledo, County of Lucas, and a citizen of the State of Ohio.  Plaintiff was employed by Defendants from March of 2011 until his termination in March of 2017.

3. Defendant Eagleview Logistics Corp. ("Eagleview"), is a corporation licensed in the state of Ohio, which operates trucking routes through contracts with Fedex Ground, out of Perrysburg, Ohio.

4. Defendant Diamond Expedited Services Corp ("Diamond"), is a corporation licensed in the state of Ohio, which operates trucking routes through contracts with Fedex Ground, out of Perrysburg, Ohio.

5. Defendant Sapphire Expedited Services, Corp ("Sapphire"), is a corporation licensed in the state of Ohio, which operates trucking routes through contracts with Fedex Ground, out of

Perrysburg, Ohio.

6. Defendant Obsidian Expedited Services, Ltd. ("Obsidian"), is a limited liability company licensed in the state of Ohio, which operates trucking routes through contracts with Fedex Ground, out of Perrysburg, Ohio.

**GENERAL ALLEGATIONS**

7. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through six (6) of this Complaint, supra, by reference in its entirety as if fully restated herein.

8. Plaintiff states that he was the owner of a parcel delivery route as a subcontractor of FedEx Ground.

9. On December 4, 2010, Plaintiff and Defendant Obsidian entered into a contract whereby Defendant was to purchase a parcel route from Plaintiff, and employ Plaintiff as a driver. Said contract is attached hereto as Exhibit A.

10. Defendant Eagleview purchased the route in February of 2011 from Plaintiff.

11. All of the Defendants in this case are owned by Billy Joe Robinson Jr., who is the President of each company as well.

12. From 2011 until his termination in 2017, Plaintiff drove routes for each of the Defendant companies, at the direction of Billy Joe Robinson Jr.

13. Plaintiff complained about vehicle defects, oil leaks, transmission leaks, bad tires, etc. He was instructed not to report said defects on his scanner to FedEx.

14. Thereafter, Plaintiff was instructed to work more than 14 hours in a day, but to alter his hours log so as to appear that no violation of Department of Transportation regulations occurred.

15. In March of 2017, Plaintiff complained about driver fatigue and DOT violations to a member of FedEx management, and his employer.

16. Within one hour of his report, Plaintiff was terminated. No reason was provided for his

termination.

## FIRST CLAIM FOR RELIEF
### Breach of Contract

17. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through sixteen (16) of this Complaint, supra, by reference in its entirety as if fully restated herein

18. Defendant Obsidian and Plaintiff were parties to a contract, a copy of which is attached hereto as Exhibit A and incorporated by reference herein.  Plaintiff performed under the contract.

19. The contract provides that Plaintiff was to be employed by Defendant, and "his employment at will shall continue as long as he obeys all rules, regulations and policies established by his employer."

20. Defendant breached the contract when it terminated Plaintiff from his employment, even though Plaintiff had not violated any work rules or regulations.

21. For Defendant's breach, Plaintiffs are entitled to be compensated for performance under the contract and for damages.

## SECOND CLAIM FOR RELIEF
### Fair Labor Standards Act—29 U.S.C. Sections 201 et seq.

22. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twenty-one (21) of this Complaint, supra, by reference in its entirety as if fully restated herein.

23. Plaintiff states that he was working as an employee of Eagleview Logistics Corp, Diamond Expedited Services Corp and Sapphire Expedited Services Corp. Plaintiff states that Defendants failed to pay fair overtime and hourly rates.

24. Plaintiffs state that Defendant has unlawfully failed to pay overtime wages to employees, including Plaintiff, in violation of 29 U.S.C. Section 215 and 2016.

25. As a proximate cause of the acts complained of, Plaintiff has suffered the loss of his job position, diminished earning capacity, lost wages, benefits, pension benefits, great mental and

emotional distress, anguish, humiliation and embarrassment. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

### THIRD CLAIM FOR RELIEF
### Wrongful Discharge

26. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twenty-five (25) of this Complaint, supra, by reference in its entirety as if fully restated herein.

27. Plaintiff states that he reported safety concerns pertaining to driver fatigue, violations of DOT guidelines, and the falsification of driver logs to his employer (managers of Eagleview/Diamond/Sapphire), and driver fatigue issues to FEDEX. Within an hour of his report, Defendants terminated Plaintiff's employment with no legitimate reason for the termination.

28. Plaintiff states that in terminating his employment, Defendants did so in violation of the public policy of the state of Ohio. Plaintiff states that there was a clear public policy that employees should not be retaliated against for reporting health and safety violations. This public policy can be found in O.R.C. 4113.52 and *Kulch v. Structural Fibers, Inc*. 78 Ohio St.3d 134 (1997), and also can be found in ORC 4101.11 and ORC 4101.12. Plaintiff states that by terminating him, Defendant jeopardizes this public policy. Plaintiff states that his discharge was motivated by his reports of safety violations. Plaintiff states that the Defendant lacked an overriding legitimate business justification for his discharge.

29. As a proximate result of the actions of Defendants complained of herein, Plaintiff has suffered the loss of his job position, past and future wages and benefits, diminished earning capacity, professional damage, and great mental and emotional stress, anxiety, humiliation and

embarrassment.  Plaintiffs have also been forced to expend court costs and attorney's fees.

## FOURTH CLAIM FOR RELIEF
### Ohio Revised Code Section 4123.90—Worker's Compensation Retaliation

30. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twenty-nine (29) of this complaint, supra, by reference in its entirety as if fully restated herein.

31. Plaintiff states that as the result of injuries in 2012 and July of 2016, he filed workers compensation claims.

32. At all times material hereto, Plaintiff was meeting or exceeding his employer's legitimate expectations as a driver.  Plaintiff injured his back while at work in 2012, as a result of an accident to which he was not at fault, and again in 2016.  On March 29 of 2017, Plaintiff was terminated from his position with Defendants. No reason was provided for Plaintiff's termination.

33. Plaintiff states that, Defendant discharged Plaintiff because Plaintiff filed and participated in workers compensation claims, in violation of Ohio Revised Code Section 4123.90.

34. On June 8, 2017, Plaintiff mailed notification to Defendant of the claimed violation of Ohio Revised Code Section 4123.90, which was received by Defendant on June 12, 2017.

35. As a proximate result of the acts of the Defendant complained of herein, Plaintiff has suffered the loss of past and future wages. Plaintiff also has lost past and future commissions. Plaintiff has also suffered, as a proximate result of the acts of Defendant complained of herein, pain and suffering, humiliation and embarrassment.  Plaintiff has also been forced to expend litigation expenses and attorney's fees.

**WHEREFORE,** Plaintiffs demands judgment against Defendant for lost back wages and for compensatory, liquidated and punitive damages, prejudgment and post judgment interest, plus his costs and reasonable attorney fees and whatever other relief, legal or equitable to which he

may appear to be entitled.

        Respectfully submitted,

        **WASSERMAN, BRYAN, LANDRY & HONOLD, LLP**


        s/Francis J. Landry
        Francis J. Landry, Attorney for Plaintiff


### JURY DEMAND

Plaintiffs demand a jury trial as to all issues so triable in the within cause.


        s/Francis J. Landry
        Francis J. Landry